Rayminh L. Ngo, SDNY# 4834
**HIGBEE & ASSOCIATES (Of Counsel)**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6559 facsimile
rngo@higbeeassociates.com
*Counsel for Plaintiff,*
JEFFERY WERNER

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFERY WERNER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>COMPLEX MEDIA, INC. d/b/a https://www.complex.com/; and DOES 1 through 10 inclusive,<br><br>　　　　　　　　Defendants. | Case No. **7:19-cv-10094**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

　　　　Plaintiff, JEFFERY WERNER ("Werner" or "Plaintiff"), for his complaint against Defendant, Complex Media, Inc. d/b/a https://www.complex.com/, alleges as follows:

### JURISDICTION AND VENUE

　　　　1.　　This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

1

101 *et seq*.

2.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.      This court has personal jurisdiction over Defendant because Defendant conducts business in the State of New York, Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant has caused injury to Plaintiff within the State of New York.

4.      Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and/or has a regular and established place of business in this judicial district.

## PARTIES

5.      Plaintiff Jeffery Werner ("Plaintiff" or "Werner") is a professional photographer residing in Los Angeles County, California.

6.      Defendant Complex Media, Inc. ("Defendant Complex Media" or "Complex Media") is a Delaware Corporation headquartered in New York and, on information and belief, has a principle place of business at 229 W 43rd St, New York, NY 10036.  On information and belief, Complex Media conducts business in New York City, in the State of New York.

7. On information and belief, Defendant Complex Media owns, operates, and controls the website https://www.complex.com/ (the "Website").

8. On information and belief, Defendant posts content to the Website in order to attract user traffic and drive advertising revenue.

9. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

10. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendants named in this caption.

**FACTUAL ALLEGATIONS**

11. Werner has over 35 years experience as a professional photographer. His work has appeared in publications such as *Life, Time, Newsweek, People,*

*Marie Claire, FHM, Smithsonian, Playboy, Maxim, In Touch, Daily Mail, Penthouse,* and many others.

12. Werner is primarily known for his specialty work in capturing video and photographs of dangerous stunts, and is the only photographer inducted into the Stuntworld Hall of Fame. His work has been featured on such television shows as *That's Incredible!, The World's Greatest Stunts, Stuntmasters, Guinness World Record Spectaculars, Ripley's Believe It Or Not,* and *I Dare You.*

13. In addition to his stunt work, Werner is well known for his work with exotic animals, sideshow eccentricities, and people who have overcome incredible obstacles. The uniqueness of Werner's portfolio has resulted in substantial licensing opportunities for his work, which he relies on to research and fund future shoots.

14. Werner is the president of the editorial syndication agency, Incredible Features, Inc. ("Incredible Features"), through which Werner distributes and syndicates his and other photographer's works.

15. Werner is the sole author and exclusive rights holder to a photograph of Giant George, an incredibly large dog, lying down on a green lawn ("Giant George Photograph"). The file name from Plaintiff's files is *jeff_werner_giant_george_-5*. A true and correct copy of the original Giant George Photograph is attached hereto as Exhibit A.

4

16.     Werner registered Image 1 with the United States Copyright Office under registration number VAu 1-005-177.

17.     The Giant George Photograph was first published in an article by the Daily Mail (the "Daily Mail") in 2009 titled *Meet 'Giant George' the 7ft-long blue great dane who could be the world's tallest dog.* ("Daily Mail Article").  The article included an attribution to Werner's company just underneath the image. A true and correct copy of Daily Mail Article is attached hereto as Exhibit B.

18.     On or about March 22, 2019, Werner discovered that Defendant had used the Giant George Photograph in an article on its Website, https://www.complex.com/, titled *A Guide to Buying Sneakers From Overseas* ("Infringing Article"), excluding the photo credit to Plaintiff. True and correct screenshots of the Infringing Article featuring Werner's Image are attached hereto as Exhibit C.

19.     Defendant is a media outlet reporting on style, pop culture, music, sports, sneakers, streetwear, entertainment, news, and more. *See* https://www.complex.com/.

20.     On information and belief, Defendant publishes content on behalf of major brands in order to help said brands sell their products. On information and belief, Defendant has or has had major advertising deals with multi-billion dollar shoe companies in order to promote sneakers and other shoe sales, even though

5

the shoes are not sold directly on the Website by Defendant or through affiliate links.

21.   On information and belief, Defendant included products in the Infringing Article from brands which pay or have paid for advertising and content in order to help them build brand equity and sell shoes.

22.   On information and belief, Defendant made an unauthorized copy of Werner's Giant George Photograph taken from the Daily Mail Article, and uploaded it to the servers for Defendant's Website.

23.   Plaintiff never authorized Defendants to use the Giant George Photograph in any manner.

24.   On Information and belief, Defendants knew that they did not have permission to use the Giant George Photograph on Defendant's Website and willfully infringed Mr. Werner's Giant George Photograph.

25.   On information and belief, Defendants willfully removed Werner's photo attribution because Defendants knew that they did not have permission to use the Giant George Photograph on Defendant's Website.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

26.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Giant George Photograph.

28. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Giant George Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Giant George Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Article on Defendant's Website.

29. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c) per infringement.

30. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

31. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND CAUSE OF ACTION**
**FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**

## 17 U.S.C. § 1202

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     On information and belief, Defendant knew that Plaintiff created the Giant George Photograph because, *inter alia*, the source of the Giant George Photograph, i.e. the Daily Mail Article, specifically attributed the Giant George Photograph to Plaintiff.

34.     Defendant intentionally falsified copyright management information related to the Giant George Photograph with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendant purposefully failed to credit Plaintiff and removed the attribution in order to mislead the public into believing that Defendant either owned the Giant George Photograph or had legitimately licensed it for use in the Infringing Article.

35.     Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

36.     Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

37.     Defendant's falsification of said copyright management information

was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Giant George Photograph. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of Plaintiff's copyright in the Image.

38.  Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged, and as a result of being involuntarily associated with Defendant in an amount to be proven.

39.  In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from Defendant for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- For statutory damages against Defendant pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for each violation of 17 U.S.C. § 1202;

- For general and special damages against Defendant according to proof

together with interest thereon at the maximum legal rate;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- For any other relief the Court deems just and proper.

Dated: October 30, 2019                         Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq. (*Of Counsel*)
SDNY #4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jeffery Werner, hereby demands a trial by jury in the above matter.

Dated: October 30, 2019                         Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq. (*Of Counsel*)
SDNY #4834
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

11