```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
JEFFERY WERNER,                          :
                                         :
                     Plaintiff,          :    19cv10094 (DLC)
                                         :
           -v-                           :    MEMORANDUM OPINION
                                         :        AND ORDER
COMPLEXMEDIA, INC., d/b/a                :
https://www.complex.com; and DOES 1      :
through 10 inclusive,                    :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X
```

APPEARANCES

For plaintiff:
Rayminh L. Ngo
Ngo Law Practice and Higbee & Associates
715 East 3900 South
Salt Lake City, UT 84107
(801) 268-2982

For defendant ComplexMedia, Inc.:
Nancy Ann Del Pizzo
Rivkin Radler, LLP
25 Main Street
Court Plaza North, Ste. 501
Hackensack, NJ 07601
(201) 287-2460

DENISE COTE, District Judge:

Rayminh Ngo of Higbee & Associates filed this copyright infringement action on behalf of plaintiff Jeffery Werner on October 31, 2019. An Order of March 16, 2020 required Werner to proceed pro se unless an attorney who could assume the responsibilities of principal trial counsel and attend New York

conferences filed a notice of appearance by March 20.  On March
18, Ngo moved to stay the March 16 Order and requested that the
Court permit him to proceed as principal trial counsel.  For the
reasons that follow, Ngo's request is denied.

## Background

On October 31, 2019, Ngo filed this action on behalf of
Werner.  On November 19, the Court noticed an initial pretrial
conference ("IPTC") for January 24, 2020.  The notice of IPTC
stated, "**All pretrial conferences must be attended by the
attorney who will serve as principal trial counsel.**"  At the
January 24 IPTC, Jeanne Weisneck appeared on behalf of plaintiff
and informed the Court that she would serve as lead counsel in
this case.  Weisneck had not spoken to Werner and was ignorant
of the most basic facts of this case, including, for instance,
when the photograph at issue in this copyright infringement
action was registered.  Only after the IPTC did Weisneck file a
notice of appearance.

On February 4, Magistrate Judge Wang held a pre-settlement
telephone conference in this case, in which Weisneck did not
participate.  Instead, Ngo represented the plaintiff.  The same
day, Judge Wang scheduled an in-person settlement conference for
March 26, 2020.

By letter of March 9, Weisneck moved to withdraw as
counsel, stating that she had informed the Court at the January

2

24 IPTC that she had agreed to proceed as principal trial counsel subject to agreement by Werner and Higbee & Associates. Weisneck made no such reservation at the IPTC.

An Order of March 16 granted Weisneck's motion to withdraw and required plaintiff to proceed pro se unless an attorney who could assume the responsibilities of principal trial counsel and attend New York conferences filed a notice of appearance by March 20. The March 16 Order explained that Ngo had exhibited a pattern of litigating cases in a manner that causes the defendants and this Court unnecessary delay and expense, namely sending unprepared attorneys to initial pretrial conferences who later withdraw as counsel.

On March 18, Ngo filed a letter requesting that he be permitted to represent Werner as principal trial counsel. Ngo wrote that he was "prepared to resume the full responsibilities of principal trial counsel for Plaintiff in this matter, including traveling to New York and making a personal appearance at all future conferences before the Court for which a telephonic appearance is not permissible." Specifically, Ngo wrote that he was "prepared to personally participate in the upcoming settlement conference and to travel to New York."

That same day, March 18, Ngo filed a letter on the docket addressed to Judge Wang. He wrote that while he was once "prepared to travel to New York City to participate in the

3

[March 26] Settlement Conference in person," the "recent Covid-19 coronavirus outbreak . . . has now made it such that it is simply unsafe for [him] . . . to travel to NYC to participate in the Settlement Conference in person."  For those reasons, he explained, he requested to appear at the settlement conference telephonically.

On March 19, counsel for the defendant Complex Media, Inc. opposed Ngo's request to proceed as principal trial counsel.

### Discussion

"Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017) (citation omitted).  "That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process."  Id. (citation omitted).

Ngo's conduct in this case, as well as in at least one other action that he has filed in the Southern District of New York and that has been assigned to this Court, constitutes conduct that abuses the judicial process.  See Miller v. CityRealty.com, LLC, No. 19cv10691 (DLC) (S.D.N.Y. Nov. 26, 2019) (Dkt. # 30).  Indeed, since 2016, Ngo -- who has proved his inability or unwillingness to attend New York conferences -- has filed roughly 60 copyright infringement actions in the

4

Southern District of New York.  This Court could not identify a single one in which a merits-base decision has been reached.  This course of conduct is a strain on the Court's time and resources.  It also leads to the unhappy conclusion that Ngo may be deserving of the title copyright "troll."  See McDermott v. Monday Monday, LLC, No. 17cv9230 (DLC), 2018 WL 1033240 at *3 (S.D.N.Y. Feb. 22, 2018).

Ngo's practice of outsourcing attendance at conferences to unprepared attorneys precludes the orderly and expeditious disposition of cases.  While this practice may work well for Ngo who is located in Utah, it violates the Court's express order that all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.  These rules are designed to maximize the resources of not only the parties, but also this Court.  When attorneys appear at conferences without the knowledge or preparation necessary to represent their clients, it wastes everyone's time.  Weisneck's performance at the January 24 IPTC demonstrates as much.

In this litigation, Ngo has demonstrated that his litigation practices are not just careless, but also fall far short of the honesty a court is entitled to expect from counsel.  Ngo's March 18 representation to this Court that he would proceed, in-person, at the March 26 settlement conference was directly contradicted by his request to Judge Wang -- that same

5

day, March 18 -- to convert the in-person conference to a telephonic conference. While this Court takes notice of the COVID-19 outbreak and the dangers inherent in travel at this time as well as the difficulties it poses to all counsel in litigating their cases, a misrepresentation of this kind cannot be tolerated. As the legal community works together to manage the efficient prosecution of cases in this challenging time, it is imperative that counsel act in the ethical, principled manner that is expected of members of this profession.

## Conclusion

Ngo's March 18 motion to stay this Court's March 16 Order is denied. He is terminated as counsel from this case. An attorney who is able to participate as principal trial counsel, including attending conferences in New York if that is required, must file a notice of appearance by April 3, 2020. If no such notice of appearance is filed, Werner must proceed pro se.

Dated:    New York, New York
          March 24, 2020

                                    _____
                                           DENISE COTE
                                    United States District Judge